IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NAACP SOUTH CAROLINA STATE CONFERENCE; ROBERT CALDWELL; JONATHAN BELL; SHERRY JENKINS,<br><br>    *Plaintiffs*,<br><br> v.<br><br>ALAN WILSON, in his official capacity as the South Carolina Attorney General; JENNY WOOTEN, in her official capacity as Interim Executive Director of the State Election Commission; DENNIS W. SHEDD, in his official capacity as Chairman of the State Election Commission; JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the State Election Commission,<br><br>    *Defendants*. | Civil Action No.: 3:25-cv-13754-MGL<br><br>**JOINT RESPONSES TO LOCAL CIVIL RULES 26.03 INTERROGATORIES** |

Plaintiffs NAACP South Carolina State Conference ("NAACP-SC"), Robert Caldwell, Jonathan Bell, and Sherry Jenkins and Defendants Alan Wilson, in his official capacity as the South Carolina Attorney General, Jenny Wooten, in her official capacity as the Interim Executive Director of the State Election Commission, Robert Bolchoz,[1] in his official capacity as Chairman of the State Election Commission, JoAnne Day, Clifford J. Edler, Scott Moseley, and Angela

---

[1] There will be a forthcoming motion to substitute Robert Bolchoz for Dennis W. Shedd pursuant to Federal Rule of Civil Procedure 25(d).

1

Stringer,[2] in their official capacities as members of the State Election Commission, jointly submit these responses under Local Civil Rules 26.03:

**(1) A short statement of the facts of the case.**

Plaintiffs challenge several provisions of South Carolina law as preempted under Section 208 of the Voting Rights Act. The challenged provisions include the following: S.C. Code Ann. §§ 7-13-780, 7-15-310, 7-15-330, 7-15-385. Plaintiffs bring their claims directly under the Supremacy Clause of the Constitution (U.S. Const. art. VI, cl. 2), Section 208 of the Voting Rights Act (52 U.S.C. § 10508), and Section 1983 (42 U.S.C. § 1983).

Defendants maintain that the state laws are not preempted and that Plaintiffs' Complaint suffers from other defects, including a lack of standing.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Plaintiffs identify the individual Plaintiffs as possible fact witnesses, who may testify regarding the impacts of the challenged laws on their ability to receive assistance in voting from the individuals of their choice. In addition, Plaintiffs identify NAACP-SC President Brenda Murphy, who may testify regarding the impacts of the challenged laws on NAACP-SC members. Plaintiffs also identify Barvette Gaither and Deborah Allen, who are identified in the Complaint as the individual Plaintiffs' preferred voting assistors, as possible fact witnesses. Ms. Gaither and Ms. Allen may testify about their roles and responsibilities with voting assistance at their respective facilities, their history of providing voter assistance, and similar matters. Plaintiffs may also call Robin Miller, Director of Social Services at Union Post Acute, who may testify to the impacts of the challenged laws on Union Post Acute staff and residents, and similar matters.

---

[2] There will be a forthcoming motion to substitute Angela Stringer for Linda McCall pursuant to Federal Rule of Civil Procedure 25(d).

Defendants identify the individual Plaintiffs and the Election Commission Defendants or their employees, who may testify regarding the process for providing voting assistance.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Plaintiffs and Defendants have not yet identified any experts and have no intention to retain experts in this matter at this stage of the litigation. Plaintiffs and Defendants both reserve their rights to later identify experts by the date established by the scheduling order.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiffs assert preemption claims under the Supremacy Clause of the Constitution (U.S. Const. art. VI, cl. 2), Section 208 of the Voting Rights Act (52 U.S.C. § 10508), and Section 1983 (42 U.S.C. § 1983). *E.g. King v. McMillan*, 594 F.3d 301, 309 (4th Cir. 2010) ("any state law . . . which interferes with or is contrary to federal law, must yield") (internal citation omitted). Plaintiffs argue that the challenged laws deny the individual Plaintiffs and members of NAACP-SC the right to assistance in voting from a person of their choice under Section 208. *See, e.g.*, *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694 (N.D. Ohio 2024) (striking down state law limitations on who may provide voter assistance); *Democracy N.C. v. N.C. State Bd. of Elections*, 476 F. Supp. 3d 158 (M.D.N.C. 2020) (same); *Disability Rts. N.C. v. N.C. State Bd. of Elections*, No. 5:21-CV-361-BO, 2022 WL 2678884, at *5 (E.D.N.C. July 11, 2022) (same). Therefore, Plaintiffs assert that the challenged laws are preempted by Section 208 and null, void, and unenforceable. *See Maryland v. Louisiana*, 451 U.S. 725, 728 (1981).

Plaintiffs will argue that as a matter of law, a preempted state law "is void to the extent it conflicts with a federal statute." *Louisiana*, 451 U.S. at 747.

Although the state Defendants may assert different defenses, it is expected that at least one of the Defendants will offer the following defenses: lack of standing, lack of cause of action, failure to state a claim. All of the Defendants expect to argue that the challenged state laws are not facially preempted by Section 208 of the Voting Rights Act. *See Arizona v. United States*, 567 U.S. 387, 399 (2012) ("[S]tate laws are preempted when they conflict with federal law. This includes cases where compliance with both federal and state regulations is a physical impossibility, and those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."); *see also Anderson v. Edwards*, 514 U.S. 143, 155 n.6 (1995) (applying the *Salerno* standard for facial relief in a preemption case).

Additionally, all of the Defendants expect to argue that any relief in this case should be confined solely to the individual Plaintiffs.

**(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures**

Plaintiffs: February 24, 2026
Defendants: March 1, 2026

**(b) Completion of discovery**

March 16, 2026

**(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

The expedited discovery in this case is predicated on Plaintiffs' good faith cooperation in responding to discovery requests. Should issues in discovery arise, Defendants reserve the right to move this Court to modify the scheduling order.

**(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

None at this time.

Respectfully submitted,

| s/Joseph D. Spate | s/ Michael R. Burchstead |
|---|---|
| Alan Wilson<br>*Attorney General*<br>Thomas T. Hydrick (Fed. ID No. 13322)<br>*Solicitor General*<br>Joseph D. Spate (Fed ID No. 13100)<br>*Deputy Solicitor General*<br><br>OFFICE OF THE SOUTH CAROLINA ATTORNEY GENERAL<br>1000 Assembly St<br>Columbia, SC 29201<br>(803) 734-4127<br>thomashydrick@scag.gov<br>josephspate@scag.gov<br><br>*Counsel for Attorney General Alan Wilson* | Mary Elizabeth Crum (Fed. ID No. 372)<br>Tracey C. Green (Fed. ID No. 6644)<br>Michael R. Burchstead (Fed. ID No. 102967)<br>BURR & FORMAN LLP<br>Post Office Box 11390<br>Columbia, SC 29211<br>(803) 799-9800<br>lcrum@burr.com<br>tgreen@burr.com<br>mburchstead@burr.com<br><br>Thomas W. Nicholson (Fed. ID No. 12086)<br>STATE ELECTION COMMISSION<br>1122 Lady Street, Suite 500<br>Columbia, SC 29201<br>(803) 734-9063<br>tnicholson@elections.sc.gov<br><br>*Counsel for Defendants Jenny Wooten, Dennis Shedd JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley* |

<u>s/ Allen Chaney</u>

Allen Chaney (Fed. ID No. 13181)
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA FOUNDATION
P.O. Box 1668
Columbia, SC 29202
(864) 372-6681
achaney@aclusc.org

Stephen D. Hibbard*
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5622
shibbard@proskauer.com

Bradley M. Presant*
Michael Beckwith*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3284
bpresant@proskauer.com
mbeckwith@proskauer.com

Clayton Pierce*
Davin Rosborough*
Jonathan Topaz*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES
UNIONFOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
cpierce@aclu.org
drosborough@aclu.org
jtopaz@aclu.org
slakin@aclu.org

Brian Dimmick*
AMERICAN CIVIL LIBERTIES
UNIONFOUNDATION
915 15th Street NW, 6th Floor
Washington, D.C. 20005
(202) 731-2395
bdimmick@aclu.org

Robert W. Pommer III*
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
(202) 416-6808
rpommer@proskauer.com

*Counsel for Plaintiffs NAACP South Carolina State Conference, Robert Caldwell, Jonathan Bell, and Sherry Jenkins*

*Motions for admission Pro Hac Vice forthcoming

February 19, 2026