# Exhibit G

**Civil Action No. 3:25-cv-13754 (MGL)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| NAACP SOUTH CAROLINA STATE CONFERENCE; ROBERT CALDWELL; JONATHAN BELL; SHERRY JENKINS, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALAN WILSON, in his official capacity as the South Carolina Attorney General; JENNY WOOTEN, in her official capacity as Interim Executive Director of the State Election Commission; DENNIS W. SHEDD, in his official capacity as Chairman of the State Election Commission; JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the State Election Commission, <br><br> *Defendants*. | Civil Action No.: 3:25-cv-13754-MGL |

**PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO STATE ELECTION
COMMISSION DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs NAACP South Carolina State Conference (the "South Carolina NAACP), Robert Caldwell, Jonathan Bell, and Sherry Jenkins ("Plaintiffs") by and through their undersigned attorneys, hereby serve Responses and Objections to the State Election Commission Defendants' ("Defendants") First Set of Interrogatories dated February 20, 2026 ("Interrogatories," and each individually, an "Interrogatory" or "ROG").

1

## GENERAL OBJECTIONS

Plaintiffs make the following general objections which apply to each Definition, Instruction, and Admission.

1.      Plaintiffs object to the Interrogatories, including the Definitions and Instructions, to the extent they purport to impose obligations on Plaintiffs greater than or inconsistent with those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure, Civil Local Rules, any other applicable rule or court order, or any stipulations or agreements of the parties.

2.      Plaintiffs object to the Interrogatories, including the Definitions and Instructions, to the extent they purport to seek information beyond Plaintiffs' personal knowledge and experiences.

3.      Plaintiffs expressly reserve the right to revise, correct, supplement, or clarify their responses to these Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, and relevant Court orders and other applicable rules, with any additional information or objections that may become available or come to their attention.

4.      Plaintiffs' response to each Interrogatory is made without prejudice to their rights to contest the disclosure of information that is protected by any privilege or protection, including, without limitation, the attorney client privilege, the work-product doctrine, the common-interest doctrine, and any other available and valid grounds for withholding information from disclosure.

5.      Nothing contained in these responses and objections is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.  Plaintiffs expressly reserve the right to object to the use or introduction of such protected information.

**PLAINTIFFS' RESPONSES TO STATE ELECTION COMMISSION DEFENDANTS' FIRST SET OF INTERROGATORIES**

Subject to the foregoing General Objections, which are incorporated by reference into each and every response below, Plaintiffs respond to State Election Commission Defendants' First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**

Have the Individual Plaintiffs asked any staff members at their nursing facility for assistance in voting in the 2026 primary or general election in South Carolina? If so, explain with specificity the facts and circumstances of when the request was made.

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** I have not requested assistance to vote in 2026 yet.

**JONATHAN BELL'S RESPONSE:** I have not requested assistance to vote in 2026 yet.

**SHERRY JENKINS'S RESPONSE:** I have not requested assistance to vote in 2026 yet.


**INTERROGATORY NO. 2:**

Have any staff members at the Individual Plaintiffs' nursing facility refused to provide them with assistance in voting in the 2026 primary or general election in South Carolina? If so, explain with specificity the facts and circumstances of that refusal.

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** I have not yet requested assistance with voting in the 2026 primary or general election, so no one has refused any request.

**JONATHAN BELL'S RESPONSE:** I have not yet requested assistance with voting in the 2026 primary or general election, so no one has refused any request.

**SHERRY JENKINS'S RESPONSE:** I have not yet requested assistance with voting in the 2026 primary or general election, so no one has refused any request.

**INTERROGATORY NO. 3:**

Explain with specificity the basis for the allegations that Ms. Jenkins and Mr. Bell will be denied voting assistance from Ms. Allen.

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** N/A.

**JONATHAN BELL'S RESPONSE:** I am worried that Ms. Allen will not be able to assist me with voting by mail because I am aware that under South Carolina law, she is only able to assist five people with requesting and returning their mail-in ballots. There are many people who live at this facility, and I believe Ms. Allen is the most knowledgeable person here when it comes to assisting residents with voting. Ms. Allen is honest and has integrity, and I trust her more than other staff at Union Post Acute to make sure my ballot is submitted properly. I worry that many other residents will request assistance from Ms. Allen and she will not be able to help me vote. I also have family in Chester, so she may ask my family to help me vote instead.

**SHERRY JENKINS'S RESPONSE:**  I am worried that Ms. Allen will not be able to assist me with voting by mail because I am aware that under South Carolina law, she is only able to assist 5 people with requesting, preparing, and returning their mail-in ballot. There are many people who live at this facility, and I believe Ms. Allen is the most knowledgeable person here when it comes to assisting residents with voting. Ms. Allen is a close friend who I trust to help me with voting more than anyone else at Union Post Acute. She helped confirm that I was registered to vote. I worry that 5 or more other residents will request assistance from Ms. Allen and I will not be able to have her help me vote as a result.

4

**INTERROGATORY NO. 4:**

Explain with specificity the basis for the allegation that Mr. Caldwell will be denied voting assistance from Ms. Gaither.

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** I am worried that Ms. Gaither will not be able to assist me with absentee voting because I am aware that under South Carolina law, she is only able to assist five people with requesting and returning their absentee ballot. There are many people who live at MUSC Chester. Before the South Carolina five-voter limitation was passed, Ms. Gaither helped many MUSC Chester residents vote, including me. I believe Ms. Gaither is knowledgeable and cares about assisting residents with voting. I worry that five or more other residents will request assistance from Ms. Gaither and I will not be able to have her help me vote as a result.

**JONATHAN BELL'S RESPONSE:** N/A.

**SHERRY JENKINS'S RESPONSE:** N/A.

**INTERROGATORY NO. 5:**

Identify the data from the Federal EAC that you reference in paragraph 60 of the Complaint.

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** N/A.

**JONATHAN BELL'S RESPONSE:** N/A.

**SHERRY JENKINS'S RESPONSE:** N/A.

**INTERROGATORY NO. 6:**

Explain with specificity the basis for the allegation in paragraph 76 of the Complaint that Mr. Bell "cannot be sure that his family members will help him fill out his forms and ballot properly and return his ballot on time".

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** N/A.

**JONATHAN BELL'S RESPONSE:** My brother lives in Chester and needs to drive to get here. It is about a 45-minute drive each way. He works well over 40 hours per week working two jobs to support a family. He has children and grandchildren to take care of, and he is a very busy man. I do not want to have to rely on him to make sure my mail-in ballot request form and mail-in ballot are submitted on time.

**SHERRY JENKINS'S RESPONSE:** N/A.

**INTERROGATORY NO. 7:**

Explain with specificity the basis for the allegation in paragraph 83 of the Complaint, and the similar allegation in paragraph 55, that Mr. Bell and Mr. Caldwell "have physical disabilities but [] do not believe they are 'incapacitated' from voting".

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** I am not incapacitated from voting because I am physically able to move around in a wheelchair. I do not have any mental or cognitive disabilities. I am able to read and fill out a ballot. I require assistance in requesting and returning an absentee ballot because I suffered a stroke which caused me to largely lose the use of my legs. It is also difficult for me to get around because I require the assistance of an oxygen tank due to Chronic Obstructive Pulmonary Disease (COPD). My COPD makes it difficult to get around because I do not

6

have a portable oxygen tank, which makes it particularly difficult to get around outside of MUSC Chester. I also wear a walking boot on my right foot because the bones in my ankle have shattered. The bones shattered due to pressure on pins in my ankle that were first put there to fix an ankle injury I suffered playing high school football. While it is challenging for me to get around, because I can move around in a wheelchair with my oxygen tank and fill out a ballot, I do not believe I am incapacitated from voting.

**JONATHAN BELL'S RESPONSE:** I am not incapacitated from voting because I am physically able to move around with a wheelchair or walker and I do not have any mental or cognitive disabilities. I am able to read and fill out a ballot. I require assistance in requesting and returning a mail ballot. I am recovering from multiple back surgeries, and while the recovery process is long and hard, I have noticed improvements in my condition over time. Given these improvements, my ability to move around in a wheelchair, and my ability to fill out a ballot on my own, I do not believe I am incapacitated from voting.

**SHERRY JENKINS'S RESPONSE:** N/A.

**INTERROGATORY NO. 8:**

Explain with specificity the basis of and source for the following allegation in paragraph 48 of the Complaint: "Often, voters in congregate care facilities depend on one staff member who they trust".

**SOUTH CAROLINA NAACP'S RESPONSE:** South Carolina NAACP responds that its President, Brenda Murphy, worked for decades as a registered nurse in long-term care facilities in South Carolina, both with the U.S. Department of Veterans Affairs and the South Carolina Department of Mental Health (now the South Carolina Department of Behavioral Health and Developmental Disabilities). During her career as a registered nurse, President Murphy helped

7

facilitate absentee voting for residents with disabilities by working with staff who helped residents or patients vote each election. President Murphy learned through her decades of experience that individuals are most comfortable relying on the person they trust to help them vote. President Murphy knows that many people care about the privacy of their ballot, and residents of the facilities where President Murphy worked trusted the staff member who cared for them daily to help them vote.

**ROBERT CALDWELL'S RESPONSE:** I rely on Ms. Gaither who I trust fully to help me through the voting process. I have relied on her before and she is a trustworthy person. I know that other residents also trust Ms. Gaither to help them vote because she has been doing this for so long and because I have spoken with other residents who trust her to help them vote. I know that Ms. Gaither cares about our right to vote.

**JONATHAN BELL'S RESPONSE:** I depend on Ms. Allen to help me vote by mail. I expect that other residents do, too, because she is very trustworthy.

**SHERRY JENKINS'S RESPONSE:** I want Ms. Allen's help to vote by mail this year.

**INTERROGATORY NO. 9:**

Explain with specificity the basis of the allegation in paragraph 48 the Complaint that "[i]t is common for many residents at one facility to rely on the same staff member to assist them in voting".

**SOUTH CAROLINA NAACP'S RESPONSE:** South Carolina NAACP responds that from her decades of experience serving individuals in long-term care facilities, President Murphy knows that many residents of those facilities rely on the staff member they trust most to help them vote, because voting is a private process. South Carolina NAACP refers State Election Commission Defendants to

its answer to Interrogatory No. 8 for further information responsive to this Interrogatory.

**ROBERT CALDWELL'S RESPONSE:** Prior to the passage of the South Carolina law limiting Ms. Gaither from returning only five absentee ballots in an election, I would work with Ms. Gaither to help other residents at MUSC Chester register to vote. I also regularly speak with other residents at MUSC Chester about voting. Because of my work with Ms. Gaither and my conversations with other residents, I know that many residents at MUSC Chester have relied on Ms. Gaither to assist them with voting.

**JONATHAN BELL'S RESPONSE:** I do not have sufficient knowledge about what is common for residents at different facilities to answer this interrogatory.

**SHERRY JENKINS'S RESPONSE:** I do not have sufficient knowledge about what is common for residents at different facilities to answer this interrogatory.

**INTERROGATORY NO. 10:**

Do any of Individual Plaintiffs, other than Ms. Jenkins, have any non-physical impairments for which they need assistance in preparing a ballot or voting?

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** My vision is getting worse, but at this time I do not have any non-physical impairments.

**JONATHAN BELL'S RESPONSE:** I do not have any non-physical impairments.

**SHERRY JENKINS'S RESPONSE:** N/A.

9

**INTERROGATORY NO. 11:**

Explain with specificity the basis for the allegation in paragraph 71 of the Complaint that "Ms. Gaither assisted approximately 10 to 25 voters per election."

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** I know Ms. Gaither has assisted many other residents to vote in previous elections.

**JONATHAN BELL'S RESPONSE:** N/A.

**SHERRY JENKINS'S RESPONSE:** N/A.


**INTERROGATORY NO. 12:**

Explain with specificity the basis for the allegation in paragraph 73 of the Complaint that it is "likely" that Ms. Gaither will not assist Mr. Caldwell with voting in the 2026 primary and general elections.

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** It am worried that I will not be able to rely on Ms. Gaither to vote absentee. I am aware that under South Carolina law, Ms. Gaither can only help five people with requesting and returning their absentee ballot. There are many people who live at MUSC Chester and before the South Carolina law limiting Ms. Gaither to returning only five absentee ballots in an election was passed, Ms. Gaither helped many MUSC Chester residents vote, including me. I believe Ms. Gaither is knowledgeable and cares about assisting residents with voting. I am concerned that five or more other residents will request assistance from Ms. Gaither and I will not be able to have her help me vote as a result.

**JONATHAN BELL'S RESPONSE:** N/A.

**SHERRY JENKINS'S RESPONSE:** N/A.

10

**INTERROGATORY NO. 13:**

Explain with specificity the basis for the allegation in paragraph 55 of the Complaint that Mr. Caldwell and Mr. Bell do not believe their physical disabilities "render them completely physically incapacitated from voting."

**SOUTH CAROLINA NAACP'S RESPONSE:** N/A.

**ROBERT CALDWELL'S RESPONSE:** My physical disabilities do not make me "completely physically incapacitated from voting." This is because I am physically able to move around in a wheelchair. I do not have any mental or cognitive disabilities. I am able to read and fill out a ballot. I require assistance in requesting and returning my absentee ballot because I suffered a stroke which caused me to largely lose the use of my legs. It is also difficult for me to get around because I require the assistance of an oxygen tank and I wear a boot on my right foot. While it is challenging for me to get around, because I can move around in a wheelchair and fill out a ballot, I do not believe I am "completely physically incapacitated from voting."

**JONATHAN BELL'S RESPONSE:** I am not "completely physically incapacitated from voting" because I am physically able to move around on my own with a wheelchair or walker and I do not have any cognitive disabilities. I can read and fill out a ballot. I need help requesting and returning my ballot. I am recovering from multiple back surgeries, and while the recovery process is long and hard, I have noticed improvements in my condition over time. Given these improvements, as well as my ability to move around on my own in a wheelchair, I do not believe I am completely physically incapacitated from voting.

**SHERRY JENKINS'S RESPONSE:** N/A.

11

**INTERROGATORY NO. 14:**

Explain with specificity the basis for the allegations in paragraph 65 of the Complaint, including but not limited to identifying specific persons, instances, and facilities in which an individual on staff of a residential care facility cannot otherwise assist a resident in voting because they are not registered to vote.

**ORIGINAL SOUTH CAROLINA NAACP'S RESPONSE:** South Carolina NAACP does not have sufficient information to answer this interrogatory at this time.

**AMENDED SOUTH CAROLINA NAACP'S RESPONSE:** South Carolina NAACP is not aware of staff at a residential care facility who are not registered to vote. However, some South Carolina NAACP members with disabilities would like help voting absentee from youth members who are not yet 18. South Carolina law prohibits those youth members from requesting or returning any absentee ballot, because they are not old enough to register to vote. For example, some members of the Greenville NAACP Branch would rely on Greenville Branch youth members who are not yet 18 for help voting absentee, but they are not allowed that help under South Carolina law.

**ROBERT CALDWELL'S RESPONSE:** I do not have sufficient knowledge of whether any staff members of MUSC Chester or other facilities are registered to vote in South Carolina to answer this interrogatory.

**JONATHAN BELL'S RESPONSE:** I do not have sufficient knowledge of whether any staff members of Union Post Acute or other facilities are registered to vote in South Carolina to answer this interrogatory.

**SHERRY JENKINS'S RESPONSE:** I do not have sufficient knowledge of whether any staff members of Union Post Acute or other facilities are registered to vote in South Carolina to answer this interrogatory.

12

## VERIFICATION

I, Brenda Murphy, state that I have read State Election Commission Defendants First Interrogatories to Plaintiffs and the South Carolina NAACP's answers to those Interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the South Carolina NAACP's answers are true and correct.

_Brenda C. Murphy_

Brenda Murphy
President
NAACP South Carolina State Conference

_25 March 2026_

Date

## VERIFICATION

I, Robert Caldwell, state that I have read State Election Commission Defendants First Interrogatories to Plaintiffs and my answers to those Interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that my foregoing answers are true and correct.

_____

Robert Caldwell

3-6-2026

_____

Date

## VERIFICATION

I, Jonathan Bell, state that I have read State Election Commission Defendants First Interrogatories to Plaintiffs and my answers to those Interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that my foregoing answers are true and correct.

_____
Jonathan Bell

3-5-26
_____
Date

## **VERIFICATION**

I, Sherry Jenkins, state that I have read State Election Commission Defendants First Interrogatories to Plaintiffs and my answers to those Interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that my foregoing answers are true and correct.

_Sherry Jenkins_

Sherry Jenkins

3-25-2026

Date

Dated: March 25, 2026

*/s/ Allen Chaney*

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION OF
SOUTH CAROLINA FOUNDATION
P.O. Box 1668
Columbia, SC 29202
(864) 372-6681
achaney@aclusc.org

Stephen D. Hibbard*
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
(310) 284-5622
shibbard@proskauer.com

Robert W. Pommer III*
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20004-2533
(202) 416-6808
rpommer@proskauer.com

Bradley M. Presant*
Amy B. Gordon*
Michael Beckwith*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 969-3284
bpresant@proskauer.com
agordan@proskauer.com
mbeckwith@proskauer.com

*Attorneys for Plaintiffs*
*\* Motion for admission Pro Hac Vice forthcoming*

Clayton Pierce*
Davin Rosborough*
Jonathan Topaz*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
cpierce@aclu.org
drosborough@aclu.org
jtopaz@aclu.org
slakin@aclu.org

Brian Dimmick*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW, 6th Floor
Washington, D.C. 20005
(202) 731-2395
bdimmick@aclu.org

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on counsel for the Defendants by e-mail on March 25, 2026.

/s/ *Allen Chaney*
Allen Chaney