# Exhibit J

**Civil Action No. 3:25-cv-13754 (MGL)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| NAACP SOUTH CAROLINA STATE CONFERENCE; ROBERT CALDWEL; JONATHAN BELL; SHERRY JENKINS, <br><br> Plaintiffs, <br><br> v. <br><br> ALAN WILSON, in his official capacity as the South Carolina Attorney General; JENNY WOOTEN, in her official capacity as Interim Executive Director of the State Election Commission; DENNIS W. SHEDD, in his official capacity as Chairman of the State Election Commission; JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY in their official capacities as members of the State Election Commission <br><br> Defendants. | C/A No. 3:25-cv-13754-MGL |

**State Election Commission Defendants' Answers to**
**Plaintiffs' Interrogatories**

Defendants Jenny Wooten, in her official capacity as Interim Executive Director of the

State Election Commission (SEC);[1] Dennis W. Shedd, in his official capacity as Chairman of the

State Election Commission;[2] Joanne Day, Clifford J. Edler, Linda McCall,[3] and Scott Moseley in

---

[1] Ms. Wooten is now the Acting Director of the SEC.

[2] On January 21, 2026, Dennis Shedd resigned his position as Commission Chairman, and Governor Henry McMaster appointed Robert Bolchoz as the new Chairman. Plaintiffs have indicated they will soon file a Motion for Substitution of Parties, pursuant to Rule 25(d), FRCP, which would substitute Mr. Bolchoz as a defendant for Judge Shedd.

[3] Linda McCall resigned her position with the Commission on September 22, 2025. The seat she previously occupied is now held by Angela Stringer.

their official capacities as members of the State Election Commission (collectively, SEC Defendants) respond to Plaintiffs' First Set of Interrogatories pursuant to Rule 33, FRCP.

<b><u>General Objections</u></b>

1.      The SEC Defendants object to each Interrogatory to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, joint defense doctrine, or any other applicable privilege, exemption, or immunity available under state and federal law. These answers are made with the intention of preserving each of these privileges and protections.

2.      The SEC Defendants reserve the right to object to the admission of any matter produced herein into evidence and reserves its right to object to further discovery relating to the same subject upon any valid ground.

3.      The SEC Defendants object to each Interrogatory to the extent it seeks information that is irrelevant to the claims and defenses in this action, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably calculated to facilitate a just and cost-effective resolution of this dispute.

4.      The SEC Defendants object to each Interrogatory to the extent it is based on false and incorrect assumptions.

5.      The SEC Defendants object to each Interrogatory to the extent that it is overbroad, unduly burdensome, unreasonable, and/or disproportionate to the amount in controversy and needs of the case.

6.      The SEC Defendants object to each Interrogatory to the extent it seeks to impose upon Defendants a duty to ascertain, create or secure information which it does not have in its possession, custody or control.

2

7.      The SEC Defendants object to each Interrogatory to the extent it seeks information relating to or in the possession of persons or entities other than these defendants.

8.      The SEC Defendants object to each Interrogatory to the extent it seeks or may be interpreted to seek or require the production or disclosure of information or duplicative documents in different formats.

9.      The SEC Defendants object to each Interrogatory to the extent it seeks or may be interpreted to seek or require the disclosure of information or documents created or generated after and/or as a result of this lawsuit being filed.

10.     The SEC Defendants object to each Interrogatory to the extent retrieval is unduly burdensome, unreasonable and/or disproportionate to the needs of the case.

11.     The SEC Defendants object to each Interrogatory to the extent it calls for legal conclusions rather than seeking factual information.

12.     Except as explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these answers.

## Answers to Interrogatories

1.      Identify all documents or materials You currently make available to members of the public concerning or referencing limits on the provision or reception of Voting Assistance in South Carolina.

**ANSWER:**   Subject to the General Objections, the SEC Defendants identify the following:

(1)     The South Carolina Poll Manager's Handbook, September 2024 Edition, found at https://scvotes.gov/wp-content/uploads/2024/10/scec_11854_24_2024-Poll-Managers-Handbook_Web_06.pdf (accessed March 13, 2026);

(2)     A "Voters with Disabilities" page on the SEC website, found at https://scvotes.gov/voters/voters-with-disabilities/ (accessed March 13, 2026);

66365359 v1

(3)     Absentee Voting in South Carolina brochure, found at https://scvotes.gov/wp-content/uploads/2025/07/Absentee-Voting-Brochure.pdf (accessed March 12, 2026);

(4)     Access for Voters in South Carolina brochure, found at https://scvotes.gov/wp-content/uploads/2025/10/SEC-BSL-3035-202508-Accessibility-Brochure.pdf (accessed March 12, 2026);

(5)     Voter Information poster, found at https://scvotes.gov/wp-content/uploads/2025/02/SEC-BSL-2090-202308-SC-Voter-Info-Poster.pdf (accessed March 12, 2026);

(6)     Election Integrity powerpoint, found at https://scvotes.gov/wp-content/uploads/2024/01/scec_11854_19_Security-Booklet_Jan2024_WEB_01.pdf (accessed March 13, 2026); and

(7)     Authorized Representative Form, found at https://scvotes.gov/wp-content/uploads/2022/09/SEC-FRM-1055-202205-Authorized-Rep-App-Request-Return.pdf (accessed March 13, 2026).

(8)     An "Absentee Voting" page on the SEC website, found at https://scvotes.gov/voters/absentee-voting/ (accessed March 13, 2026).

2.     Identify all documents or materials You currently make available to Local Election Officials concerning or referencing limits on the provision or reception of Voting Assistance in South Carolina.

**ANSWER:**   Subject to the General Objections, the SEC Defendants identify the following:

(1)     The South Carolina Poll Manager's Handbook, September 2024 Edition, found at https://scvotes.gov/wp-content/uploads/2024/10/scec_11854_24_2024-Poll-Managers-Handbook_Web_06.pdf (accessed March 13, 2026);

(2)     Authorized Representative Form, found at https://scvotes.gov/wp-content/uploads/2022/09/SEC-FRM-1055-202205-Authorized-Rep-App-Request-Return.pdf (accessed March 13, 2026);

(3)     "2022 Absentee Process Changes" document;

(4)     "Attention Absentee Procedures" document, dated June 10, 2022.

(5)     Various training materials (powerpoints, etc.) related to absentee voting.

3.      Identify how long the Commission would need to amend the materials You identified in response to Interrogatory No. 1, including the Authorized Representative Form, if the following legal provisions are declared null and void and/or are permanently enjoined:

(a)      The limitations challenged in this Action on who can receive Voting Assistance as set out in S.C. Code § 7-13-780;

(b)      The limits challenged in this Action on who can provide Voting Assistance as set out in S.C. Code §§ 7-15-310(7), 7-15-330(A), (C), 7-15-385(A)(3);

(c)      The limits challenged in this Action on the number of voters an individual may assist with absentee ballot and ballot application requests and returns as set out in S.C. Code §§ 7-15-330(B)(4), 7-15-385(G).

**ANSWER:**     Responding to Interrogatory number 3, the SEC Defendants refer to the General Objections. The SEC Defendants also object to this Interrogatory because it calls for speculation as to the contents, scope, and timing of a hypothetical order from the district court, and because it disregards any possible proceedings following such an order, such as whether a motion to reconsider is filed, whether the matter is appealed, and if so whether the matter would be stayed pending any appeal.

Subject to and notwithstanding all of these objections, the SEC Defendants identify the following:

(1)      The South Carolina Poll Manager's Handbook, September 2024 Edition.

The Poll Manager's Handbook (Handbook) is updated periodically to make sure it accurately reflects changes to the Election Code. There are two versions of the Handbook: (1) a printed version; and (2) a pdf downloadable version, which can be obtained from SCVotes.gov. The SEC prints thousands of the paper Handbooks and disperses them to the County Boards of Voter Registration and Elections (BVREs). The SEC Defendants estimate that it would take a minimum of two weeks and perhaps as long as two months to revise the Handbooks, print them, and disperse them to the County BVREs if required to do so by a hypothetical order. However, the downloadable pdf Handbook can be updated in a week or less.

(2)      Materials reflected in Interrogatory number 1, items (2) through (8).

If necessary, these materials can be updated in a week or less.

5

66365359 v1

4.      Identify how long the Commission would need to amend the materials You identified in response to Interrogatory No. 2, if the following legal provisions are declared null and void and/or are permanently enjoined:

(a)      The limitations challenged in this Action on who can receive Voting Assistance as set out in S.C. Code § 7-13-780;

(b)      The limits challenged in this Action on who can provide Voting Assistance as set out in S.C. Code §§ 7-15-310(7), 7-15-330(A), (C), 7-15-385(A)(3);

(c)      The limits challenged in this Action on the number of voters an individual may assist with absentee ballot and ballot application requests and returns as set out in S.C. Code §§ 7-15-330(B)(4), 7-15-385(G).

**ANSWER:**    Responding to Interrogatory number 4, the SEC Defendants refer to the General Objections. The SEC Defendants also object to this Interrogatory because it calls for speculation as to the contents, scope, and timing of a hypothetical order from the district court, and because it disregards any possible proceedings following such an order, such as whether a motion to reconsider is filed, whether the matter is appealed, and if so whether the matter would be stayed pending any appeal.

Subject to and notwithstanding all of these objections, the SEC Defendants identify the following:

(1)      The South Carolina Poll Manager's Handbook, September 2024 Edition.

The SEC Defendants refer to and incorporate herein their answer to Interrogatory number 3(1) with regard to the Handbook.

(2)      Materials reflected in Interrogatory number 2, items (2) through (5).

If necessary, these materials can be updated in a week or less.

In further response, whatever the above-referenced materials do or do not reflect about Voter Assistance or the enforceability of the challenged statutes, if the district court issues an order "declar[ing] null and void and/or [ ] permanently enjoin[ing] any of the challenged provisions,"

6

the SEC Defendants represent that the SEC will, as soon as practicable, notify all Local Election Officials of the order and its contents (1) by email; and (2) on the Roundtable page, through which the SEC and Local Election Officials share information on matters impacting the election in real time.

Subject to the above qualifications and uncertainties about the legal effect of the order regarding any post-trial motions, stay, or appeal, it is the SEC Defendants' understanding and belief that the Local Election Officials can implement the directives of any order enjoining any or all of the challenged provisions with no or a minimal delay. However, the timing of any final order may make it impossible to fully implement the relief for any given election. For instance, by way of example, if relief is ordered after absentee ballots are returned, but before the primary or general election has concluded, the SEC and the Local Election Officials could quickly implement the relief going forward, but relief would be impossible with respect to any ballots that have already been returned.

Below are the relevant deadlines:

- For the 2026 primary election, (1) the deadline to request an absentee ballot is May 29, 2026; (2) the early voting period goes from May 26 to June 5, 2026; and (3) the election is June 9, 2026.

- For the 2026 general election, (1) the deadline to request an absentee ballot is October 23, 2026; (2) the early voting period goes from October 19 to October 31, 2026; and (3) the election is November 3, 2026.

[*Signature Page Follows*]

7

Respectfully submitted,

Mary Elizabeth Crum (Fed. ID No. 372)
Tracey C. Green (Fed. ID No. 6644)
Michael R. Burchstead (Fed. ID No. 102967)
**BURR & FORMAN LLP**
PO Box 11390
Columbia, SC 29211
(803) 799-9800
lcrum@burr.com
tgreen@burr.com
mburchstead@burr.com

Thomas W. Nicholson (Fed. ID No. 12086)
**STATE ELECTION COMMISSION**
1122 Lady Street, Suite 500
Columbia, SC 29201
(803) 734-9063
tnicholson@elections.sc.gov

*Counsel for Defendants Jenny Wooten, Dennis Shedd, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley*

March 16, 2026
Columbia, South Carolina

8